## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| B&L MANAGEMENT GROUP, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:17-cv-2197 |
| ) | |
| WILLIAM C. ADAIR and ) | |
| JACQUELINE C. ADAIR ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS' JOINT REPLY AND MEMORANDUM OF LAW
### IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

**COME NOW**, Defendants **WILLIAM C. ADAIR** and **JACQUELINE C. ADAIR**, by and through counsel, and file this, their *Joint Response and Memorandum of Law in Response to Plaintiff's Motion to Compel*, and, for the reasons set forth more fully herein, would respectfully show unto this Honorable Court that Plaintiff's Motion should be DENIED.

### Summary of the Argument

Plaintiff's Supplemental Discovery Requests, for which it asks this Court to compel responses, seeks discovery which this court should limit pursuant to Fed. R. Civ. Proc. 26(b)(2)(C). Plaintiff's Supplemental Discovery Requests are, furthermore, beyond the scope permitted under Fed. R. Civ. Proc. 26(b)(1). Finally, the discovery Plaintff seeks is not relevant to the claims in its Second Amended Complaint, and Plaintiff is engaging in an impermissible "fishing expedition," ostensibly in hopes of finding new evidence for new causes of action.

### Federal Rule of Civil Procedure 26(b)(2)(C)

Fed. R. Civ. Proc. 26(b)(2)(C) gives this Court the power to limit discovery otherwise allowed if: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. As Defendants have argued in their Joint Response to Plaintiffs' Supplemental Discovery Requests, the information it seeks is unreasonably cumulative and duplicative because Defendants' counsel hand delivered responses to Plaintiffs' Second Request for Production of Documents to Plaintiff's counsel at the depositions of Plaintiff. [ECF No. 132].

This Rule further gives authority to this Court to limit discovery if: (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action. Plaintiff has had ample opportunity to obtain the information it now seeks. Plaintiff's Supplement Requests for Production of Documents seeks <u>the exact same information</u> as contained in its Second Request for Production of Documents, albeit this time in an alternate format. Plaintiff's Supplement Requests also added <u>five new requests for ledgers</u>. Surely Plaintiff was aware of the existence of the "new" entities, and therefore the ledgers, prior to filing its Supplemental Requests. Therefore, Plaintiff could have sought that discovery in the previous request.

Finally, Fed. R. Civ. Proc. 26(b)(2)(C)(iii) gives this Court the power to limit the frequency or extent of discovery if the proposed discovery is outside the scope permitted by Fed. R. Civ. Proc. 26 (b)(1).

### Federal Rule of Civil Procedure 26(b)(1)

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed .R. Civ. Proc. 26(b)(1).

The discovery that Plaintiff seeks to compel is not relevant to the claims it asserts in the Second Amended Complaint. The underlying theory of Plaintiff is that Defendant William C. Adair is in breach of contract and, as a lawful creditor, it is entitled to the assets that he and his wife have allegedly civilly conspired to fraudulently transfer away from it. Plaintiff has not yet received a judgement that Defendant William C. Adair is in breach of contract. Furthermore, before Defendants can be found liable for civil conspiracy, an underlying tort must be found that was the object of the conspiracy. Plaintiff has not yet received a judgment that Defendants have committed fraud or fraudulent transfer. In other words, Plaintiff is "putting the cart before the horse" by seeking to compel the personal accounting records of Defendants; records which Plaintiff has not yet proven it is entitled to.

The advisory committee notes to the 2000 Amendment to Fed. R. Civ. Proc. 26(b)(1) stands for the proposition that this rule is not permitted to develop potential additional claims or defenses. However, Plaintiff's *modus operandi* makes clear that that is exactly how it has treated the discovery process throughout the course of this litigation. Plaintiff brought this litigation before this court originally naming one Defendant, William C. Adair, asserting claims of fraud and breach of contract / anticipatory repudiation. [ECF No. 1] After deposing William Adair, Plaintiff amended the Complaint, naming new Defendants, William Adair's wife, Jacqueline

Adair, and his daughter, Tammy Adair, as trustee of the family trust the William C. Adair, Jr. Trust. The First Amended Complaint asserted *new claims* of fraudulent transfer and civil conspiracy. [ECF No. 47] After voluntarily non-suiting Tammy Adair as Trustee of the Trust, and after deposing Jacqueline Adair, Plaintiff amended the Frist Amended Complaint, this time adding a third, statutory cause of action - violations of Tenn. Code Ann. § 66-3-301. [ECF NO. 128].

### The "Fishing Expedition"

Plaintiff's liberal usage of subpoena power has already caused multiple non-parties to this suit to seek Protective Orders. [ECF No. 83, 117]. Plaintiff's own pleadings admit that "Significant discovery has been conducted since the advent of this litigation." [ECF No. 128, page 2]. Furthermore, Plaintiff alleges "discovery has produced significant evidence of Adair's conversion of corporate assets." [ECF No. 137, page 2]. This begs the questions, why, then, does Plaintiff seek to compel *more* discovery?

Plaintiff attempts to rebut Defendants' objection that it is engaging in an impermissible fishing expedition. It cites the Supreme Court that, "No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case*." Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Plaintiff fails to cite the <u>*very same paragraph*</u> wherein the Supreme Court stated, "But discovery, like all matters of procedure, has ultimate and necessary boundaries." *Id.* In an unpublished, yet persuasive opinion from this Court, "A plaintiff cannot make unsupported allegations in a complaint and then use discovery to find some basis for them." *Steed v. General Motors, LLC*., 2012 WL 6846529, quoting *Grays v. Bartlet*, 714 F.Supp. 293, 294 (N.D.Ill.1989). See also, *Alexander v. FBI*, 186 F.R.D. 113, 119 (D.D.C. 1998). "[I]t is one thing for a plaintiff who may have spotted a fish to throw his net in

that direction; it is quite another to trawl the entire lake to see if it contains any fish at all." *Id.* This Court's sister has jurisdiction has stated the matter another way:

> "Much of discovery is a fishing expedition of sorts, but the Federal Rules of Civil Procedure allow the Courts to determine the pond, the type of lure, and how long the parties can leave their lines in the water… All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." *Myers v. Prudential Ins. Co. of America*, 581 F.Supp.2d 904 (E.D.Tenn 2008)."

Now, in Plaintiff's present Motion to Compel, Plaintiff argues that "having access to these files is critical in providing Plaintiff's expert the opportunity to determine whether Defendants' explanations for their financial machinations were truthful and whether the ledgers were altered for the purposes of the litigation." [ECF No. 137]. Plaintiff further states "[T]he Quickbook files are nevertheless critical to examining the veracity of Defendants' many sworn statements." *Id.* If Defendants understand these sentences correctly, Plaintiff seeks information to demonstrate Defendants lied during depositions and intentionally tampered or altered with the evidence they have provided. Or, more outrageously, Plaintiff seeks the information in hopes that Defendants **will have altered** by the time it is produced, in the event this Court issues and Order to Compel. The allegations Plaintiff is attempting to prove, are beyond the pale and have absolutely no relevance whatsoever on the facts in the Second Amended Complaint.

**RESPECTFULLY SUBMITTED**, this the 11th day of June, 2018.

        WILLIAM C. ADAIR and
        JACQUELINE C. ADAIR
        *Defendants*

    By:  /s/   Kent  E.  Smith
        KENT E. SMITH, BPR# 015264

**SMITH WHALEY, P.L.L.C.**
**POST OFFICE DRAWER 849**
**HOLLY SPRINGS, MS 38635**
**TELEPHONE: (662) 252-3003**
**FACSIMILE:  (662) 252-3006**

## CERTIFICATE OF SERVICE

I, the undersigned counsel of record for Defendants, do hereby certify that I have this caused to be delivered via hand delivery, facsimile transmission, First Class U.S. mail, postage pre-paid, and/or electronic mail a true and correct copy of the foregoing Defendants' Joint Reply and Memorandum of Law in Response to Plaintiff's Motion to Compel, to the following:

**Darrell N. Phillips, Esq.**
**2095 Exeter Rd. Suite 80**
**Germantown, TN 38138**
**legal@memphiscounsel.com**

**Respectfully Submitted,** this the 11th day of June, 2018

                                                    **/s/ Kent E. Smith**
                                                    **KENT E. SMITH**