# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **B&L MANAGEMENT GROUP, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17-2197 |
| ) | |
| v. ) | |
| ) | |
| **WILLIAM C. ADAIR, and** ) | |
| **JACQUELINE ADAIR,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court are two motions. The first is Plaintiff B&L Management Group, LLC's December 18, 2018 Motion In Limine to Exclude Undisclosed or Untimely Expert Opinions of Robert Weatherly. (ECF No. 161). The second is Plaintiff's December 20, 2018 Motion In Limine to Exclude the Testimony of Undisclosed Witnesses. (ECF No. 162.) Defendants William C. Adair and Jacqueline Adair responded to the motions on December 26, 2018. (ECF Nos. 163, 164.) In their responses, Defendants request an award of attorney's fees and costs. (See id.)

For the following reasons, Plaintiffs' motions are DENIED, and Defendants' request for attorney's fees and costs is DENIED.

## I. Plaintiff's Motion to Exclude Expert Opinions Not Set Forth in Defendants' Expert's Report

Plaintiff moves to preclude Defendants' expert witness, Robert Weatherly, from testifying to opinions not included in his expert report. (See ECF No. 161). Plaintiff seeks an order limiting Weatherly's testimony "to the scope of his expert opinion and [precluding] him from testifying as to matters or opinions he may have which have not been timely disclosed." (Id. at 880.) Defendants represent that Plaintiff's motion is unnecessary because "Defendants' expert will adhere to the opinions outlined in his report . . . ." (ECF No. 163 at 901.)

Plaintiff's motion is premature. Although an expert generally may not testify beyond the scope of his report, district courts may allow such testimony under certain circumstances. See Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., 388 F.3d 976, 983 (6th Cir. 2004) ("The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless."); see also Hill v. Reederei F. Laeisz G.M.B.H., Rostock, 435 F.3d 404, 423 (3d Cir. 2006) (rejecting "any bright line rule that every opinion by an expert must be preliminarily stated in the report, or forever be precluded.") (internal citations omitted). Unless

2

Weatherly attempts to testify as to an opinion not contained in his report, there does not appear to be an issue for the Court to resolve. A general order preemptively limiting the scope of Weatherly's testimony is not warranted because there is no context for such a ruling.

Plaintiff's motion is DENIED without prejudice. Plaintiff may raise this objection at trial with respect to specific opinions if the need arises.

## II. Plaintiff's Motion to Exclude the Testimony of Undisclosed Witnesses

Plaintiff asks the Court to bar two witnesses, David Cochran and Bruce Yancey, from testifying at trial. (See ECF No. 162.) Plaintiff represents that Defendants disclosed those witnesses to Plaintiff after the deadline to do so had passed. (See id. at 894.) Citing Federal Rule of Civil Procedure 37, Plaintiff argues that the Court must preclude Cochran and Yancey from testifying. (See id. at 896.)

Defendants contend that their disclosure of Cochran and Yancey is not untimely because they were not required to identify those witnesses in their pretrial disclosures. (See ECF No. 164 at 904.) Defendants represent that they have subpoenaed Cochran and Yancey "out of an abundance of caution and solely for impeachment purposes." (Id. at 903.) They argue that Federal Rule of Civil Procedure 26 does not require the disclosure of

3

witnesses who will testify "solely for impeachment." (Id. at 904.)

Defendants' argument is well-taken. Rule 26(a)(1)(A)(i) expressly excludes impeachment witnesses from the general requirement to disclose witnesses. See Fed. R. Civ. P. 26(a)(l)(A)(i) (requiring disclosure of witnesses "unless the use would be solely for impeachment"). Nondisclosure does not preclude Defendants from offering Cochran and Yancey as impeachment witnesses.

Plaintiff's motion to preclude Cochran and Yancey from testifying is DENIED.

## III. Defendants' Request for Attorney's Fees and Costs

Defendants seek an award of the attorney's fees and costs that they have incurred in responding to the instant motions. (See ECF No. 163 at 902; ECF No. 164 at 905.) They cite no statute, court rule, or other authority establishing their right to recover costs. As the moving party, Defendants bear the burden of demonstrating that they are entitled to recover costs. See Neview v. D.O.C. Optics Corp., No. 07-12302, 2009 WL 10680225, at *2 (E.D. Mich. June 5, 2009). They have not met that burden.

Defendants' request for attorney's fees and costs is DENIED.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motions in limine (ECF Nos. 161, 162) are DENIED.  Defendants' request for attorney's fees and costs is DENIED.

So ordered this 7th day of January, 2019.

                                          /s/ *Samuel H. Mays, Jr.*
                                          Samuel H. Mays, Jr.
                                          UNITED STATES DISTRICT JUDGE